UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE K. JONES, | ) No. CV-05-109-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING IN PART |
| v. | ) PLAINTIFF'S MOTION FOR SUMMARY |
| | ) JUDGMENT AND REMANDING FOR |
| JO ANNE B. BARNHART, | ) ADDITIONAL PROCEEDINGS |
| Commissioner of Social | ) PURSUANT TO SENTENCE FOUR OF |
| Security, | ) 42 U.S.C. § 405(g) |
| | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 19), submitted for disposition without oral argument on December 19, 2005. Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Nancy A. Mishalanie represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff, 30-years-old at the time of the administrative decision, protectively filed an application for Supplemental Security Income (SSI) benefits on November 28, 2001, alleging onset as of February 16, 1972, due to epilepsy, anxiety, depression, post-

traumatic stress disorder (PTSD) and obsessive-compulsive disorder. Plaintiff had a high school education and at the time of hearing was attending community college with assistance from the disability support services office. (Tr. at 348.) Plaintiff had past part-time work as a food server, bike messenger and counter person. Following a denial of benefits at the initial stage and on reconsideration, hearings were held before Administrative Law Judge R. J. Payne (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and had severe impairments, but the impairments did not meet the Listings. (Tr. at 36.) The ALJ rejected Plaintiff's testimony as not fully credible. Other than certain environmental limitations, the ALJ found Plaintiff had no other limitations and was able to perform medium work. (Tr. at 37.) Applying the Grids, Plaintiff was not found disabled; using the Grids as a framework for decision making, Plaintiff was found to be able to perform work which exists in the national economy including cleaner II, routing clerk, cashier, type copy examiner, and charge account clerk. The ALJ concluded Plaintiff was not disabled.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ (1) should have found Plaintiff disabled

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

in light of the opinion expressed by her treating neurologist, R. N. Cooke, M.D.; (2) should have found Plaintiff suffers from severe mental impairments; (3) improperly assessed her credibility; and (4) failed to include all of her physical and mental impairments when determining her residual functional capacity. Finding the second issue to be dispositive, the court does not address issues three and four.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment"

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. <u>Opinion of Treating Physician</u>

Plaintiff contends the ALJ failed to accord proper weight to the opinion of the treating neurologist, Dr. Cooke, who concluded Plaintiff met Listing 11.03. (Tr. at 195, 281.) Plaintiff also contends the ALJ failed to provide clear and convincing reasons for rejecting his opinion.

The ALJ noted with respect to Dr. Cooke's opinion:

> More notably is the claimant's treating physician's assessments of record. In a July 2003 response to the claimant's representative's requests, he had indicated that the claimant "met" the listing for seizure disorders (11.03) found in the administratively recognized level impairments listed in Appendix 1, Subpart P, Regulations No. 4. However, in a separate physical functional capacity assessment also dated July 2003, he indicated

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

>that the claimant had no exertional impairment limitations and only had limitations for environmental hazards such as heights and machinery. As noted above, he had previously indicated in a May 2003 physical functional capacity assessment, that the claimant had a "light" level functional capacity.
>
>Moreover, according to his written response, therapeutic dosage of anti-seizure medication had not yet been achieved, and therefore, the undersigned finds that his opinion of a listing-level severity impairment is premature and unsupported. This is further supported by the fact that the evidence of record is replete with indications of the claimant's desire not to take medication and discontinuing prescribed medication.

(Tr. at 31, references to exhibits omitted.) Listing 11.03 requires the following:

>11.03 Epilepsy – nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena: occurring more frequently than once weekly in spite of at least three months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

(20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.03.)

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

"controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques, unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

The ALJ's reasons for rejecting Dr. Cooke's opinion Plaintiff met the Listings are supported by the record. Plaintiff was treated for epilepsy by Dr. Cooke sporadically since 1986. (Tr. at 252.) Dr. Cooke noted a number of medications had been tried, but unsuccessfully, due in part to Plaintiff's aversion to medication. In 2003, Dr. Cooke prescribed Zonegran for seizures, but that medication had not reached treatment level. He also had prescribed Selegiline for ADD and that medication was successful (Tr. at 217), although he was thinking about switching to a new drug, Strattera. (Tr. at 252.) Although Dr. Cooke stated Plaintiff met the Listings

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 6

for epilepsy, that opinion was contradicted by other findings as to residual capacity, including 2003 findings of no physical exertional limitations except for being around hazardous machinery and a 2003 limitation for light work. (Tr. at 254, 286, 283.) Additionally, his treatment notes do not support a Listing severity. Medication was available, but Plaintiff chose not to use it. (Tr. at 161, 174, 195.) The most recent prescription which Plaintiff agreed to try had not yet reached therapeutic levels. (Tr. at 281.) It also appears epileptic seizures occurred nocturnally (Tr. at 197, 252), and that Plaintiff maintained her driver's license, a fact inconsistent with disabling epilepsy. (Tr. at 252, 310.) Thus, the ALJ did not err by rejecting Dr. Cooke's notation Plaintiff met the Listings.

2.   <u>Severe Mental Impairments</u>

Plaintiff, relying on the findings of the examining and treating mental health experts, asserts the ALJ erred when he concluded her mental impairments were not severe. The ALJ concluded Plaintiff had been examined for depression and anxiety, but her condition was situational as a result of custody and housing issues. The ALJ further noted Plaintiff was assessed with a global assessment of functioning (GAF) of 70 in 1998, indicating only mild or minimal impairment difficulties. (Tr. at 31.) Finally, the ALJ noted improvement in May 2001 after treatment.

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant

must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

The medical record discloses ongoing treatment from 1995 forward for ADHD, anxiety, and depression. In 1995, examining physician Dr. Rosekrans diagnosed adjustment disorder with mixed

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 8

anxiety and depression attributable to stressors including epilepsy, and personality disorder nos with antisocial and paranoid features. (Tr. at 168.) Plaintiff had several moderate and marked limitations. (Tr. at 170, 171.) A second examination by Dr. Rosekrans in 1995 reiterated the marked and moderate limitations. (Tr. at 175, 177.) In 1996, examining physicians Drs. John Arnold and Rosekrans again noted several marked and moderate limitations. (Tr. at 180, 183.) In 2001, Dr. Rosekrans assessed Plaintiff's GAF at 65, noting Plaintiff was having trouble balancing parenting and work. (Tr. at 191.) In 2002, consultant James Bailey opined Plaintiff's mental limitations were non-severe. (Tr. at 202.) In October 2001, Plaintiff was prescribed Selegiline for ADHD; a remarkable difference was noted. (Tr. at 216-219.) In March 2002, Plaintiff's anxiety level increased due to housing issues and in 2003, Betty McQuirk noted Plaintiff suffered from a learning disability and emotional issues that would result in certain functional difficulties, including skill development and academic work. (Tr. at 255.) In July 2003, treating physician Dr. Cooke noted the ADHD made Plaintiff's memory problematic and would make it difficult for her to maintain a work schedule. (Tr. at 281.)

Finally, in 2004, post-administrative hearing, but in a report provided to the Appeals Council, Christina R. Buzzardo, Ph.D., assessed Plaintiff and diagnosed PTSD, major depressive disorder, recurrent and moderate without psychotic features, generalized anxiety disorder, and obsessive compulsive disorder and ADHD by history. Plaintiff's GAF was assessed at 50, indicative of serious limitations. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH

EDITION (DSM-IV), at 32 (1995). Additionally, there were records from Lutheran Social Services indicating Plaintiff sought further treatment in June 2004 for PTSD, stemming from ten years of sexual abuse by her paternal grandfather. (Tr. at 315.)

The opinions of the consulting physicians, that Plaintiff suffered only mild limitations from her mental impairments, is not consistent with the extensive treatment records and findings by examining physicians and mental health care providers. Although there was some improvement with medication, Plaintiff's condition in 2004 deteriorated. Based on the medical record, this court is unable to conclude Plaintiff's mental impairments were non-severe. Thus, the captioned matter is remanded for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ shall consider the new evidence and the appropriate limitations associated with a severe mental impairment, an appropriate adjustment of the onset date, the pending application to the extent appropriate, and determine, whether in light of all the physical and mental limitations, Plaintiff is able to perform work which exists in significant numbers in the national economy. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED;** the captioned matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **DENIED.**

3. Any application for attorney fees shall be filed by separate motion.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 10

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED December 29, 2005.

                S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 11